<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| LOIS D. LYON, | : | CIVIL ACTION NO. 04-3458 (MLC) |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| v. | : |  |
| ALLAN M. GOLDSTEIN, | : |  |
| Defendant. | : |  |

<u>**COOPER, District Judge**</u>

This matter comes before the Court on the appeal by Rexford L. Lyon ("Rex Lyon") from an order of the Magistrate Judge entered on May 1, 2006.  For the reasons stated herein, the Court will affirm the order of the Magistrate Judge.

<u>**BACKGROUND**</u>

**I.   Facts**

   **A.  Lyon v. Goldstein**

Lois D. Lyon ("Lois Lyon") and Allan M. Goldstein ("Goldstein") practiced law together at the law firm of Goldstein & Lyon in the 1980s.  (Dkt. no. 04-3458, Am. Compl., at 1.)  They also engaged in a number of business ventures under the name Goldstein & Lyon Realty Partnership.  (<u>Id.</u>)  These ventures included the purchase of real property, and investment in other business opportunities.  (<u>Id.</u>)

Lois Lyon and Goldstein invested in a "detinning" business in late 1987.  (<u>Id.</u> at 2-3.)  Lois Lyon invested $300,000 in the

business between November 1987 and February 1988.  Her $300,000 represented 55,835 shares of the new business, AMG Industries Ltd. ("AMG Ltd.").  (Id. at 3.)

Lois Lyon and Goldstein entered into a Warrant Agreement, dated March 4, 1988.  The agreement (1) recited the sale of 55,835 warrants of AMG Ltd. to Lois Lyon, (2) stated that Lois Lyon could purchase 55,835 shares at $0.01 until March 4, 1998, and (3) provided that Lois Lyon would be issued a supplemental Warrant Agreement should AMG Ltd. merge, or consolidate with or into another corporation.  (Id. at 4.)

Lois Lyon exercised her warrants in February 1998, but was not issued any stock certificates.  (Id. at 5.)  She alleges that she has demanded the issuance of the shares, but has not received them.  (Id. at 3.)  She commenced an action against Goldstein on March 2, 2004, in New Jersey state court.[1]  The defendants removed the action to this Court on July 22, 2004.  (See dkt. no. 04-3458, Notice of Removal.)  Lois Lyon filed an amended complaint on April 4, 2005.  (See dkt. no. 04-3458, entry no. 14.)  The amended complaint asserts claims for (1) breach of partnership law, (2) breach of contract, (3) breach of the implied covenant of good faith and fair dealing, (4) constructive

---

[1] Lois Lyon filed an initial complaint in New Jersey state court on March 2, 2004.  An amended complaint was filed on March 31, 2004, and a second amended complaint was filed on July 9, 2004.  (See dkt. no. 04-3458, entry nos. 1-5, 1-6, 1-7.)

trust, (5) conversion, (6) negligent misrepresentation and fraud, and (7) violation of public policy.  (See id.)

**B.  AMG Industries Corp., et al. v. Lyon**

Rex Lyon is Lois Lyon's husband.  AMG Industries Plc. ("AMG Plc.") and AMG Holding Corporation (collectively "AMG") brought suit against Rex Lyon in the Western District of Pennsylvania in February 2005.  (See dkt. no. 05-5555, entry no. 24.)[2]  Rex Lyon's motion to transfer the action to this Court was made in July 2005, and granted in November 2005.  This Court then consolidated that case with the case pending between Lois Lyon and Goldstein.  (See dkt. no. 05-5555, entry no. 24-26; dkt. no. 04-3458, entry no. 30.)

Rex Lyon was corporate counsel to AMG and Goldstein from 1988 through 1998.  (Dkt. no. 05-5555, Am. Compl., at 2; Answer, at 1.)  Rex Lyon was also a director on AMG's board of directors. AMG asserts that Rex Lyon served in this capacity from 1988 until July 2004.  (Dkt. no. 05-5555, 2d Am. Compl., at 2.)  As corporate counsel, Rex Lyon assisted in designing and implementing a corporate reorganization of AMG Plc. and its subsidiaries in 1992.  (Dkt. no. 05-5555, Am. Compl., at 5.)  AMG alleges that Rex Lyon also drafted the Warrant Agreement executed

---

[2] AMG Ltd. became AMG Industries Plc.  AMG Holding Corporation is the parent company of AMG Plc. (See dkt. no. 05-5555, Compl.)

between Goldstein and Lois Lyon.  (See dkt. no. 05-5555, 2d Am.
Compl., at 3.)

AMG generally alleges that Rex Lyon should have informed it
that Lois Lyon (1) believed that AMG breached the Warrant
Agreement, and (2) intended to bring suit against AMG.  The
initial complaint by AMG against Rex Lyon, asserted claims for
(1) breach of the duty of loyalty as a director and as corporate
counsel, and (2) misrepresentation as a director and as corporate
counsel.  (See dkt. no. 05-5555, entry no. 24-2.)  AMG filed an
amended complaint on November 28, 2005.  The amended complaint
added Goldstein as a plaintiff, and asserted additional claims of
(1) negligent misrepresentation as both a director and corporate
counsel, (2) breach of the duty of care as a director and as
corporate counsel, and (3) breach of duty as legal counsel.  (See
dkt. no. 05-5555, entry no. 24-7.)

AMG moved for leave to file a second amended complaint.
(Dkt. no. 04-3458, entry no. 47.)  The Magistrate Judge granted
the motion, and the second amended complaint was filed.  (5-1-06
Order.)  The second amended complaint appears to delete (1) all
references to Rex Lyon as corporate counsel, and (2) the count
against Rex Lyon for breach of duty as legal counsel.  (See dkt.
no. 04-3458, entry no. 55.)  Rex Lyon now appeals from the order.

**II.   AMG's Motion for Leave to Amend the Complaint**

    **A.   The Parties' Arguments**

        AMG moved for leave to file a second amended complaint on March 22, 2006.  (AMG Br. in Support of Motion.)  Rex Lyon opposed the motion.  (Lyon Br. in Opp'n to Motion.)  AMG argued that it wanted to amend the amended complaint to clarify its claims against Rex Lyon.  (AMG Br. in Supp. of Motion.)  AMG stated that it did not want to assert claims of legal malpractice against Rex Lyon, but instead wanted to assert claims for breach of his fiduciary duties as a director of AMG.  (Id. at 2.)  Rex Lyon argued that AMG's true reason for seeking leave to amend the amended complaint was to increase the cost of litigation.  (Lyon Br. in Opp'n to Motion, at 1.)  Rex Lyon contended that AMG desired to omit the claims against him that sounded in legal malpractice so that he would be deprived of his professional liability insurance coverage for litigation costs.  (Id.)

    **B.   The Magistrate Judge's Order**

        The Magistrate Judge granted AMG's motion for leave to amend the amended complaint on May 1, 2006.  (5-1-06 Order.)  The Magistrate Judge, applying Federal Rule of Civil Procedure ("Rule") 15(a), noted that leave to amend a complaint "shall be freely given when justice so requires."  (Id.)  He also noted that leave to amend a complaint can be denied when (1) there has been undue delay, bad faith, or a dilatory motive, (2) the

amendment would be futile, or (3) there would be prejudice to the other party.  (Id.)

The Magistrate Judge found that none of the aforementioned reasons were present and granted AMG's motion.  (Id.)  The second amended complaint was filed on May 9, 2006.  (Dkt. no. 04-3458, entry no. 55.)  The second amended complaint asserts claims against Rex Lyon for (1) breach of the duty of loyalty as a director, (2) misrepresentation as a director, (3) negligent misrepresentation as director, and (4) breach of the duty of care as a director.  (Id.)

## DISCUSSION

Rex Lyon argues that the Court should reverse the Magistrate Judge's order because the amendments contained in the second amended complaint will cause substantial harm and prejudice to him.  (Lyon Appeal Br., at 7.)  AMG argues that the order should be affirmed because the amendments (1) were not undertaken in bad faith, (2) do not prejudice Rex Lyon, and (3) were intended to clarify the nature of the claims.  (AMG Appeal Br., at 5, 9.)

## I.   District Court Review of Magistrate Judge Orders

The district court has authority to review determinations of a magistrate judge.  See 28 U.S.C. § 636.  A magistrate judge is accorded wide discretion in addressing non-dispositive motions, and the exercise of discretion will be reversed only if there is an abuse of that discretion.  Id.; Miller v. Beneficial Mgmt.

Corp., 844 F.Supp. 990, 997 (D.N.J. 1993).  A district judge may not reverse, modify, or vacate a magistrate judge's order addressing a non-dispositive motion unless the it is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); L.Civ.R. 72.1(c)(1); Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1113 (3d Cir. 1986).  The district court is bound by the clearly erroneous rule when reviewing findings of fact.  Haines v. Liggett Group Inc., 975 F.2d 81, 91 (3d Cir. 1992).  A ruling that is contrary to law will trigger plenary review as to matters of law.  Id.

"A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  Thomas v. Ford Motor Co., 137 F.Supp.2d 575, 579 (D.N.J. 2001) (internal quotes and cites omitted).  Any evidence that was not presented to the magistrate judge cannot be considered by the district court when making a factual determination.  Id. at 579.  A ruling is contrary to law if the magistrate judge has misinterpreted or misapplied the applicable law.  Gunter v. Ridgewood Energy Corp., 32 F.Supp.2d 162, 164 (D.N.J. 1998).  The party who appeals the magistrate judge's order bears the burden of proving the ruling was clearly erroneous or contrary to law.  Cardona v. Gen. Motors Corp., 942 F.Supp. 968, 971 (D.N.J. 1996).

## II.  Rule 15(a) Standard

The plaintiff is the master of the complaint.  <u>Becker v. Tidewater, Inc.</u>, 405 F.3d 257, 259 (5th 2005); <u>see also</u> <u>Burgo v. Volkswagen of Am.</u>, 183 F.Supp.2d 683, 686 (D.N.J. 2001) (recognizing that the plaintiff is the master of the complaint and may choose the claims to assert); <u>Morris v. Admin. of the Tulane Educ. Fund.</u>, No. 95-860, 1995 WL 368491, at *1 (E.D. La. June 20, 1995) ("A plaintiff is the master of his complaint, with the power to raise claims that he wishes to pursue and omit those that he does not wish to pursue").  Rule 15(a) provides that after a responsive pleading "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Fed.R.Civ.P. 15(a).

A motion to amend a pleading may be denied when (1) there has been undue delay, bad faith, or a dilatory motive on the part of the moving party, (2) the non-moving party will be prejudiced, or (3) the amendments will be futile.  <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>Hill v. City of Scranton</u>, 411 F.3d 118, 134 (3d Cir. 2005); <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002).

"[P]rejudice to the non-moving party is the touchstone for the denial of an amendment."  <u>Bechtel v. Robinson</u>, 886 F.2d 644, 652 (3d Cir. 1989) (internal cite omitted).  The non-moving party

claiming to be prejudiced by an amendment must demonstrate "that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely." Id. (internal cite omitted).  A determination of prejudice takes into account whether the amended pleading would (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial, (2) significantly delay the resolution of the dispute, or (3) prevent a party from bringing a timely action in another jurisdiction.  Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004) (internal quote and cite omitted).

A motion for leave to amend a pleading should be denied when the delay is undue.  Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001).  A delay becomes undue when it places an unfair burden on the non-moving party or the court. Id.  The mere passage of time does not require that the motion be denied.  Id.  Delay alone is an insufficient ground to deny leave to amend.  Id.  An undue delay sufficient to deny the motion may occur when the moving party has had prior opportunities to amend the pleading and has not done so.  Id.  A determination of undue delay must focus on the moving party's reasons for not amending the pleading sooner.  USX Corp. v. Barnhart, 395 F.3d 161, 168 (3d Cir. 2004).

A finding of bad faith, just like undue delay, requires an examination of the moving party's reasons for not amending the pleading earlier.  Adams v. Gould Inc., 739 F.2d 858, 868 (3d Cir. 1984).  Delay in moving for leave to amend a pleading may be construed as bad faith and warrant denial of the motion.  Id.

A motion for leave to amend a pleading may also be denied when the amendments would be futile, and thus on a determination. "whether the amendment is sufficiently well-grounded in fact or law to demonstrate that it is not a frivolous pursuit."  Phillips v. Bor. of Keyport, 179 F.R.D. 140, 144 (D.N.J. 1998).  An amendment must advance a claim or defense that is legally sufficient on its face.  Id.  A futile amendment would not survive a motion to dismiss.  Id.  Absent undue delay, bad faith, prejudice, or futility, a motion to amend for leave to amend a pleading should be liberally granted.  Long, 393 F.3d at 400.

III. **Rex Lyon's Appeal**

The Court reviews the Magistrate Judge's order for an abuse of discretion.  The order will be reversed only if it is clearly erroneous.  The Magistrate Judge granted AMG's motion for leave to amend the amended complaint and determined that (1) there had been no undue delay, bad faith, or dilatory motive on the part of AMG, (2) the amendments would not be futile, and (3) there would be no prejudice to Rex Lyon.  (5-1-06 Order).  This Court

determines that the Magistrate Judge's order was not clearly erroneous, and it will be affirmed.

Rex Lyon contends that permitting the amended complaint to be amended significantly increases the cost of his defense, and thus, unduly prejudices him.  This, however, is not the kind of prejudice for which a court should deny a motion to amend.  See, e.g., Adams, 739 F.2d at 869 (no prejudice where no new facts or additional discovery required); cf. Cureton, 252 F.3d at 275-76 (prejudice found where amendment would cause burdensome new discovery and significant new trial preparation).

Rex Lyon has not shown that he is prejudiced by the amendments.  Rex Lyon asserts that "[t]he amendment will dramatically increase the cost . . .  of defending against this action.  Amendment would also mean that the tens of thousands of dollars that plaintiffs already have forced Lyon to incur in defending against plaintiffs' legal malpractice allegations and claims will have been totally wasted."  (Lyon Appeal Br., at 7.)[3] Such an assertion, however, without more is not sufficient to demonstrate prejudice.

Rex Lyon has not articulated how the costs of the litigation will increase based on the second amended complaint.  The second

---

[3] The Court notes that this statement appears to be contradictory because Rex Lyon implies that his professional liability insurance carrier, not he himself, has been paying for the defense of the legal malpractice claim.  (Lyon Appeal Br., at 3, 7.)

amended complaint does not assert additional claims that broaden

the scope of the litigation.  It instead narrows the claims

asserted against Rex Lyon, and eliminates one claim in its

entirety.  He has not shown that he will have to expend

additional resources or conduct additional discovery in

preparation for trial.  Rex Lyon does assert that the cost of the

litigation to him will increase because his malpractice insurance

carrier will no longer fund his defense.  While the allocation of

the costs of the litigation may change, Rex Lyon has not shown

that the actual cost of the litigation will be significantly

altered.[4]

Rex Lyon also has not demonstrated that the amendments will

deprive him of the opportunity to present facts or evidence that

he could have otherwise presented.  There is no evidence that

resolution of the dispute will be significantly delayed by the

amendments.  It appears that no new legal theories or facts are

being asserted.  There is no indication his defense will be

---

[4] The Court acknowledges that a copy of Rex Lyon's
Professional Liability Insurance Policy was submitted as an
exhibit to Rex Lyon's brief.  The Court, on this appeal, however,
is not interpreting the policy.  The Court makes no determination
as to whether any of the claims asserted against Rex Lyon in
either the amended complaint or the second amended complaint are
covered by its terms.  (Lyon Appeal Br., at Ex. L.)  The Court
notes, however that in the context of insurance policies "the
duty to defend comes into being when the complaint states a claim
constituting a risk insured against."  Voorhees v. Preferred Mut.
Ins. Co., 607 A.2d 1255, 1259 (N.J. 1992).  The duty to defend
continues until every covered claim is eliminated.  Id.

prejudiced.  Rex Lyon acknowledges that "they [AMG] did not seek leave to add facts or a claim that they asserted they did not previously recognize or know of."  (Lyon Appeal Br., at 7.)

AMG moved for leave to amend the amended complaint in March 2006, a little more than one year after the commencement of its action against Rex Lyon.  A delay in amending a complaint may cause the opposing party prejudice.  Cureton, 252 F.3d at 273.  Rule 15(a)'s amendment policy, however, is liberal.  The amount of time elapsed between AMG's commencement of this action and the filing of this motion cannot be considered undue delay, particularly in light of the four months that elapsed between Rex Lyon's motion to transfer, and the issuance of the order on that motion.  See Long, 393 F.3d at 339 (fourteen month delay in amending answer was not undue delay to warrant denial of motion); Cureton, 252 F.3d at 275-76 (determining that proposed amendment requested (1) three years after an action was commenced, and (2) two years after the complaint was amended for a second time, was unreasonable delay); see also USX Corp., 395 F.3d at 168-69 (three year wait to amend complaint is ground for denial of amendment).  Rex Lyon has not demonstrated that either the delay here is undue, or AMG had prior opportunities to amend and did not do so.  As recognized in Cureton, delay alone is not sufficient to deny a motion for leave to amend.  Rex Lyon,

therefore, has not demonstrated that he is prejudiced by the amendments to the second amended complaint.

The analysis of bad faith is similar to that of undue delay. Adams, 739 F.2d at 868.  The Court must look at the motives behind why AMG did not move for leave to amend its pleading earlier.  Id.  AMG contends it amended the complaint for a second time to clarify that it was not seeking to bring any claims against Rex Lyon for legal malpractice.  (AMG Appeal Br., at 1.) AMG made the same assertion before the Magistrate Judge.  Rex Lyon asserts that the real motivation for AMG's amendments is to increase the cost of the litigation.  (Lyon Appeal Br., at 1.)

The Magistrate Judge acknowledged that Rex Lyon claimed that AMG's "only motivation for seeking leave to amend is to increase the cost of litigation to Defendant's [Rex Lyon's] detriment." (5-1-06 Order.)  The Magistrate Judge, confronted with the conflicting statements as to the motive for the amendments, however, found that none of the reasons to deny the amendment, including bad faith, were present.  (Id.)  Rex Lyon, on appeal, does not offer any new basis to deny AMG leave to amend the complaint.  The Magistrate Judge is accorded wide discretion on such matters, and this Court is not left with the "definite and firm conviction that a mistake has been committed."  Thomas, 137 F.Supp.2d at 579.

14

AMG, as the plaintiff, is the master of the complaint.  The second amended complaint does not add new claims or appear to assert new theories of relief.  Rex Lyon has not demonstrated how amending the complaint to eliminate and narrow the claims is futile.  There is no indication before this Court that the Magistrate Judge's order was clearly erroneous or an abuse of discretion.

## CONCLUSION

The Court, for the reasons stated <u>supra</u>, will affirm the May 1, 2006, order of the Magistrate Judge.  An appropriate order will be issued.


　　　　　　　　　　　　　　　s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

15