UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LOIS D. LYON, et al., | : | Civil Action No.: 04-3458(MLC) |
| Plaintiffs, | : | |
| v. | : | MEMORANDUM OPINION |
| ALLAN M. GOLDSTEIN, et al., | : | |
| Defendants. | : | |

**HUGHES, U.S.M.J.**

      This matter is before the Court upon the Motion of Plaintiffs AMG Industries Corporation, AMG Holding Corporation and Allan M. Goldstein ("AMG/Goldstein"), to Disqualify Counsel to Rexford R. Lyon ("Rex Lyon"), pursuant to the Rules of Professional Conduct ("R.P.C"). Rex Lyon opposes the Motion. The litigation consists of two consolidated cases. In the first case, Plaintiff Lois D. Lyon ("Lois Lyon") filed suit against Mr. Allan M. Goldstein on March 2, 2004 in New Jersey State Court. Mr. Goldstein removed the action to this Court on July 22, 2004. In the second action, Consolidated Plaintiffs AMG Industries Corporation and AMG Holding Corporation (collectively "AMG") brought suit against Rex Lyon in February 2005 in the Western District of Pennsylvania. In its amended complaint there, Mr. Goldstein was added as a Plaintiff in AMG's action against Rex Lyon. This action was transferred to this Court in November 2005. AMG/Goldstein now seek to disqualify Rex Lyon's counsel, Carl Hanzelik, Esquire, and the law firm Dilworth Paxson. The Court reviewed the written submissions of the parties and conducted oral argument on September 26, 2006. For the reasons that follow, AMG/Goldstein's Motion to Disqualify is denied.

1

I.  **BACKGROUND AND PROCEDURAL HISTORY**

   *A.  Prior Litigation*

Lois D. Lyon ("Lois Lyon") and Allan M. Goldstein ("Mr. Goldstein") practiced law together and engaged in a number of joint business ventures. (See dkt. no. 04-3458, Am. Compl. at 1). In late 1987, Mrs. Lyon and Mr. Goldstein agreed to purchase the detinning operations of Vulcan, a New Jersey Corporation. (Pls.' Corrected Mem. at 2). To accomplish the purchase, Lois Lyon and Mr. Goldstein became officers of Tinplate Scrap, a company through which Lois Lyon and Mr. Goldstein signed an Asset Purchase and Sale Agreement to acquire Vulcan's United States assets. Id. Lois. Lyon invested $300,000 in the detinning business between November 1987 and February 1988. Id.

In March 1988, AMG Industries Ltd. was created to acquire shares of stock in Vulcan's United Kingdom subsidiary, while at the same time, AMG Resources Corporation ("AMG Resources") was incorporated as a subsidiary of AMG Industries Ltd. to acquire the United States assets of Vulcan. Id. In return for her investment, Mr. Goldstein and Lois Lyon signed a Warrant Agreement in 1988 which entitled Lois Lyon to exercise rights for shares in AMG Industries Ltd. at a nominal price for ten years. Id. at 2-3. Rex Lyon, who is Lois Lyon's husband and an attorney, prepared the Warrant Agreement and further served as counsel in the Vulcan transaction and in the formation of AMG Industries Corporation. Id. at 3.

On February 2, 1990, Vulcan filed a lawsuit in state court in Alabama against Tinplate and AMG Resources, claiming in its amended complaint that Tinplate was not a valid and existing corporation at the time of the Asset Purchase and Sale Agreement. (Consol. Pls.' Ex. 3 at ¶¶ 19-20). Vulcan named Mr. Goldstein and Lois Lyon as defendants claiming they were

2

liable as general partners of Tinplate. (Pls.' Corrected Mem. at 3). Ten days later on February 12, 1990, AMG Resources sought a declaratory judgment in the United States District Court for the Western District of Pennsylvania against Vulcan requiring Vulcan to comply with certain environmental obligations. (See Rooney Certif. at ¶ 3, Ex. 2).

Attorney Carl Hanzelik, with the firm Dilworth Paxson, served as counsel of record for AMG Resources in the Pennsylvania case. (Pls.' Corrected Mem. at 3). Mr. Hanzelik was not counsel of record in the Alabama action. Id. at 4. Mr. Goldstein certifies that "Mr. Hanzelik and Dilworth Paxson were . . . counsel to me personally in the Alabama litigation." (Goldstein Certif. at ¶ 2). Specifically, Mr. Goldstein states that "neither Rexford nor Lois Lyon participated in dozens of additional calls between me and Mr. Hanzelik or his associate, in which we discussed relevant factual information as well as strategy with respect to the litigation." Id. at ¶ 3. Rex Lyon certifies that "[i]n addition to frequently discussing with Mr. Goldstein what Mr. Hanzelik's views, opinions or suggestions were as to both cases, I sometimes had telephone conference calls with Mr. Goldstein and Mr. Hanzelik, with others sometimes participating." (R. Lyon Certif. at ¶ 5). In May 1990, both Vulcan cases were settled by the parties. (Pls.' Corrected Mem. at 3).

  **B.**  ***Present Litigation***

    1.  **Lyon v. Goldstein**

On March 2, 2004, Lois Lyon commenced an action in New Jersey state court against Mr. Goldstein in connection with her detinning investments. (Pls.' Corrected Mem. at 5). The defendants removed the action to this Court on July 22, 2004. (See dkt. no. 04-3458, Notice of Removal). In her amended complaint, Lois Lyon alleged in part that Mr. Goldstein was her

3

partner in the investment and that he breached his duty of loyalty created by the alleged partnership. Id. Specifically, Lois Lyon's amended complaint asserts claims for (1) breach of partnership law, (2) breach of contract, (3) breach of the implied covenant of good faith and fair dealing, (4) constructive trust, (5) conversion, (6) negligent misrepresentation and fraud, and (7) violation of public policy. (See dkt. no. 04-3458, entry no. 14).

### 2. AMG Industries Corp., et al. v. Lyon

Rex Lyon was corporate counsel to AMG and Mr. Goldstein from 1988 through 1998. (Dkt. no. 05-5555, Am. Compl. at 2; Answer at 1). Rex Lyon was also a director on AMG's board of directors. AMG asserts that Rex Lyon served in this capacity from 1988 until July 2004. (Dkt. no. 05-5555, 2d Am. Compl. at 2). In February 2005, AMG brought suit in the Western District of Pennsylvania against Rex Lyon alleging in part that he breached his fiduciary duties by failing to disclose to AMG his wife's motivations for filing suit against Mr. Goldstein and that she had in fact filed suit. (See 2d Am. Compl.). AMG alleges that Rex Lyon should have informed it that Lois Lyon (1) believed that AMG breached the Warrant Agreement, and (2) intended to bring suit against AMG. Id. at ¶ 1.

Rex Lyon's motion to transfer the action from the Western District of Pennsylvania to federal court was made in July 2005 and granted in November 2005. The two cases were consolidated on December 2, 2005. (Dkt. no. 04-3458, entry no. 30). On May 1, 2006, this Court granted a Motion from AMG for leave to file an amended complaint. (See dkt. no. 04-3458, entry no. 54). The second amended complaint filed by AMG appears to delete (1) all references to Rex Lyon as corporate counsel, and (2) the count against Rex Lyon for breach of duty as legal counsel. (See dkt. no. 04-3458, entry no. 55). Rex Lyon appealed this Court's

decision on May 15, 2006, arguing that "Plaintiff's only motivation for seeking leave to amend is to increase the cost of litigation to Defendant's detriment." (See dkt. no. 04-3458, entry no. 57). On August 15, 2006, the United States District Court for the District of New Jersey affirmed this Court's decision stating in part that "this is not the kind of prejudice for which a court should deny a motion to amend." (See dkt. no. 04-3458, entry no. 69).

In May 2005, counsel for AMG wrote to Mr. Hanzelik to advise him of the potential conflict of interest in his representing Rex Lyon. (Pls.' Corrected Mem. at 6). At that time, Mr. Hanzelik "assured [AMG and Mr. Goldstein] there was no substantial relationship between the two matters." (Goldstein Certif. at ¶ 7). AMG did not pursue Mr. Hanzelik's disqualification. It did request the return of all AMG-related files in Mr. Hanzelik's or his firm's possession. (Pls.' Corrected Mem. at 6-7). Mr. Goldstein certifies that had he "recalled earlier in this litigation the 'partnership' issue in the Alabama litigation . . . [he] would have sought Mr. Hanzelik's disqualification sooner in order to protect [his] and AMG's confidences." (Goldstein Certif. ¶ 7).

Over a year later, on July 21, 2006, following a review of files received through discovery from Rex Lyon and his law firm, Lyon & Glassman, AMG notified Mr. Hanzelik and his firm of what AMG perceived to be a substantial conflict of interest and asked him to withdraw from the present action. (Pls.' Corrected Mem. at 7). When Mr. Hanzelik and his firm did not agree to withdraw, AMG sought their disqualification. Id. AMG/Goldstein properly filed the instant Motion to Disqualify Mr. Hanzelik and Dilworth Paxson as Rex Lyon's counsel on August 3, 2006. (Dkt. no. 04-3458, entry no. 64). Mr. Hanzelik and Dilworth Paxson have represented Rex Lyon in this action from April 2005 to the present. (Def.'s Mem. at 4). At the time of this motion to disqualify, the matter is poised for final resolution. Discovery is due to conclude by

October 31, 2006, and dispositive motions are to be filed by December 8, 2006 and made returnable January 2, 2007.  (Dkt. no. 04-3458, entry no. 66).

AMG/Goldstein claim that because Mr. Hanzelik's and Dilworth Paxson's current representation of Rex Lyon is substantially related to their previous representation of AMG and Mr. Goldstein, they should be disqualified from representing Rex Lyon in the current matter.  See R.P.C. 1.9 (prohibiting representation of a new client if the new client's interests are adverse to a former client in a matter substantially related to the prior representation).  Rex Lyon opposes AMG/Goldstein's motion and claims that the previous litigation is not substantially related to the present matter.  Rex Lyon further claims that AMG/Goldstein waived their right to file the present motion because they delayed in filing it for over a year

## II.    DISCUSSION

AMG/Goldstein claim that Mr. Hanzelik and Dilworth Paxson must be disqualified because Plaintiffs are former clients of Defense counsel in a matter substantially related to the present matter, contrary to the prohibition against representing current clients with adverse interests to former clients.  (Pls.' Corrected Mem. at 9-16).  Rex Lyon argues that the previous Alabama Vulcan matter is not substantially related to the present case and is therefore not protected by R.P.C. 1.9.  (Def.'s Mem. at 10-13).  In addition, Rex Lyon claims that AMG/Goldstein waived their right to bring this motion by delaying over a year, at a point where the case is poised for final resolution.  Rex Lyon argues that disqualifying Mr. Hanzelik and Dilworth Paxson at this point in the litigation would cause him extreme hardship and prejudice.  The Rules of Professional Conduct, as adopted by the New Jersey Supreme Court, govern attorney conduct in this Court, including representation of former clients. L.CIV.R. 103.1.

### A.    Rule of Professional Conduct 1.9

An attorney may not represent a current client in a matter adverse to the interests of, and substantially similar to the representation of, a former client.  R.P.C. 1.9.  Specifically, R.P.C. 1.9(a) states in relevant part, that:

> A lawyer who has represented a client in a matter shall not thereafter represent another client in the same or a substantially related matter in which that client's interests are materially adverse to the interests of the former client unless the former client gives informed consent confirmed in writing.

The prohibitions in R.P.C. 1.9 are made applicable to a conflicted attorney's entire firm through R.P.C. 1.10.  Subsection (a) of R.P.C. 1.10 states that:

> When lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by . . . RPC 1.9, unless the prohibition is based on a personal interest of the prohibited lawyer and does not present a significant risk of materially limiting the representation of the client by the remaining lawyers in the firm.

Therefore, if AMG/Goldstein are former clients, not only would Mr. Hanzelik be prevented from representing Rex Lyon, but so too would the entire Dilworth Paxson firm.  AMG/Goldstein claim that the previous Alabama matter, during which Mr. Hanzelik and Dilworth Paxson represented them, is substantially similar to the present action in which Mr. Hanzelik and Dilworth Paxson represent Rex Lyon.  Rex Lyon argues that the matters are not substantially similar and therefore R.P.C. 1.9 does not preclude Mr. Hanzelik's representation of him in the present matter.

Under New Jersey law, motions to disqualify are disfavored because they "can have such drastic consequences."  Rohm and Haas Co. v. American Cyanamid Co., 187 F. Supp. 2d 221, 226 (D.N.J. 2001).  To disqualify Mr. Hanzelik and Dilworth Paxson under R.P.C. 1.9,

AMG/Goldstein have the burden of demonstrating that (1) Mr. Hanzelik represented AMG/Goldstein at some previous time; (2) Rex Lyon's interests are materially adverse to those of AMG/Goldstein; and (3) a substantial relationship exists between Mr. Hanzelik's current representation of Rex Lyon and his prior representation of AMG/Goldstein.  Kaselaan & D'Angelo Assocs., Inc. v. D'Angelo, 144 F.R.D. 235, 238 (D.N.J. 1992).  The Court must analyze the facts of each case to determine if Plaintiffs have met their burden.  Dewey v. R.J. Reynolds Tobacco Co., 109 N.J. 201, 205 (1988).

It appears uncontested that Mr. Hanzelik and Dilworth Paxson represented AMG/Goldstein as counsel in at least one previous legal matter.  Mr. Hanzelik served as counsel of record for AMG Resources in the Pennsylvania Vulcan case.  Therefore, AMG/Goldstein are former clients and the first prong of R.P.C. 1.9 is satisfied.  Similarly, AMG/Goldstein's and Rex Lyon's interests are presently adverse given that they are involved in litigation as adverse parties.  Therefore, prong two of R.P.C. 1.9 is satisfied as well.  The parties disagree, however, on whether the previous representation of AMG/Goldstein is substantially similar to the present representation of Rex Lyon.

### B.     *Substantially Related*

A "substantial relationship between matters will exist where the 'adversity between the interests of the attorney's former and present clients has created a climate for disclosure of relevant confidential information.'"  Kaselaan, 144 F.R.D. at 239 (quoting Reardon v. Marlayne, Inc., 83 N.J. 460, 472 (N.J. 1980)).  In Kaselaan, there was "a substantial relationship between the present matter and the prior matters handled by [the attorney] since the adversity between the interests of [the parties] has created a climate for the disclosure of relevant confidential

8

information and the issues between the former and present matters are practically the same." Id. at 243-244; see also Ciba-Geigy Corp. v. Alza Corp., 795 F. Supp. 711, 716, 718 (D.N.J. 1992) (denying motion to disqualify in part because the "factual contexts of the lawsuits" were not "strikingly similar," no substantial relationship existed between the successive representations, and the attorney had not represented the client over a substantial number of years); Reardon, 83 N.J. at 475 (disqualifying attorney because the legal and factual relationship between the prior and present representations were "strikingly similar").

In the present case filed by Lois Lyon against Mr. Goldstein, the issue of Lois Lyon's partnership with Mr. Goldstein is at issue, as stated in her Amended Complaint. Although at a superficial level, AMG/Goldstein's present case against Rex Lyon appears to somewhat involve the existence of a partnership between Lois Lyon and Mr. Goldstein, this issue is only tangentially related to AMG/Goldstein's claims against Rex Lyon. AMG/Goldstein's assertions against Rex Lyon focus on Rex Lyon's duties owed to AMG/Goldstein based on his position as director of AMG, not on any "partnership" between Mr. Goldstein and Lois Lyon. AMG/Goldstein's allegations against Rex Lyon include breach of fiduciary duty of loyalty, misrepresentation, negligent misrepresentation, and breach of the fiduciary duty of care.

Similarly, the existence of a partnership was not directly at issue in the Alabama Vulcan litigation. In the Alabama Vulcan action, Vulcan alleged that "neither AMG nor Tinplate was duly qualified to do business in Alabama" when it entered into certain agreements. (See Pls.' Ex. 3 at ¶ 19). Vulcan asserted that "[u]nder New Jersey law, officers of a corporation who undertake obligations on behalf of a corporation whose charter has been revoked are jointly liable as general partners for those obligations." (Pls.' Ex. 5 at 4). Based on an agreement signed on

November 18, 1987 by Mr. Goldstein and Lois Lyon, which identified Mr. Goldstein as President of Tinplate and Lois Lyon as Secretary, Vulcan amended its complaint on February 15, 1990 "to substitute Allan M. Goldstein and Lois D. Lyon, both nondiverse New Jersey citizens, for one of the fictitious defendants." Id. at 2-4.

It appears to the Court that the arguments raised in the Alabama Vulcan case related to the alleged partnership between Mr. Goldstein and Lois Lyon were raised for jurisdictional purposes rather than for purposes of arguing the merits of the case. It appears that in order to defeat removal by creating a lack of diversity, Vulcan joined Mr. Goldstein and Lois Lyon as defendants to its action. The Pennsylvania and Alabama Vulcan cases settled in 1990, never having addressed the merits of the cases including the issue of the partnership between Lois Lyon and Mr. Goldstein. Further, AMG/Goldstein conceded at oral argument that if Mr. Hanzelik's representation was limited to the Pennsylvania Vulcan litigation, no motion to disqualify would have been filed. It appears that Lois Lyon and Mr. Goldstein were joined as defendants in the Alabama Vulcan case for jurisdictional purposes, and not because the issue of their partnership was central to the litigation. Thus, the issue of alleged partnership in Vulcan is even more remote from the present action against Rex Lyon and is consequently, not substantially related under R.P.C. 1.9.

### B. Waiver

Even where a conflict of interest may exist, the Court has the discretion to deny the motion to disqualify based on waiver. See Rohm and Haas, 187 F. Supp. 2d at 229. To determine whether a party "moving for disqualification has waived its right to make such a request requires" the Court to analyze five factors:

> (1) the length of the delay in bringing the motion to disqualify
> (2) when the movant learned of the conflict
> (3) whether the movant was represented by counsel during the delay
> (4) why the delay occurred
> (5) whether disqualification would result in prejudice to the non-moving party

Id. First, in the present case, the length of delay in bringing the motion to disqualify was thirteen months. Second, AMG learned of the conflict and notified Mr. Hanzelik of it in May 2005, but did not file a motion until August 3, 2006. Third, AMG has been continuously represented by counsel between the time it became aware of the conflict in May 2005 and the time it filed the motion to disqualify on August 3, 2006. Fourth, AMG/Goldstein asserted at oral argument that they did not receive certain case files from Rex Lyon which evidenced the conflict until the summer of 2006. Finally, disqualifying Mr. Hanzelik, who has served as defense counsel in this matter for over a year, would very clearly significantly prejudice Rex Lyon at this stage in the litigation when the case is poised for final resolution. Thus, the Rohm factors when analyzed here compel a finding of waiver.

Conversely, in granting the motion to disqualify in Kaselaan, the United States District Court for the District of New Jersey noted that "[p]laintiffs' motion was promptly filed and plaintiffs' course of conduct with respect to this motion does not suggest any improper 'tactical' maneuvering designed to injure the defendant." Kaselaan, 144 F.R.D. at 246. In Kaselaan, "[o]nce plaintiffs became aware of Mr. Rosenberg's prior representation of K&D, they filed the present disqualification motion because Mr. Rosenberg, previously represented K&D as its lawyer." Id. at 237. In granting the motion to disqualify, the Court noted that the attorney's "close business and social ties to the president of a company that he was at the time representing creates a strong inference that he was exposed to information regarding K&D's overall structure

11

and practices, not merely its employment practices." Id. at 246.

In the present case, Mr. Hanzelik does not appear to have close business and social ties to AMG/Goldstein.  Mr. Hanzelik certifies that "[a]part from the 1990 Vulcan case, the only matter in which my firm did any work for any AMG company was in representing AMG Resources Corporation for a few months in 1994 in connection with the collection of a judgment for a relatively small amount of money.  The matter was handled by an associate." (Hanzelik Certif. at ¶ 3).  Therefore, there is no indication that Mr. Hanzelik was exposed to information regarding AMG's overall practices.

Further, AMG/Goldstein should have moved to disqualify Mr. Hanzelik and Dilworth Paxson before this late stage in the litigation.  AMG/Goldstein were aware of a potential conflict over one year ago and were concerned enough to advise Mr. Hanzelik of the potential conflict by letter in May 2005.  However, AMG/Goldstein did not file a motion to disqualify Rex Lyon's counsel until August 3, 2006.  Mr. Hanzelik and Dilworth Paxson have represented Mr. Lyon for over a year in this matter.  Discovery is due to conclude by October 31, 2006, and dispositive motions are to be filed by December 8, 2006 and made returnable on January 2, 2007. Disqualifying Mr. Hanzelik and Dilworth Paxson at this stage in the litigation would cause substantial prejudice to Rex Lyon, especially considering that AMG/Goldstein did not move to disqualify Mr. Hanzelik and Dilworth Paxson in 2005 despite their knowledge of a potential conflict.[1]

---

[1] Two additional arguments were raised in oral argument in September 26, 2006.  First, AMG/Goldstein argued that Mr. Hanzelik represents not only Rex Lyon, but Lois Lyon as well. AMG/Goldstein stated that Rex and Lois Lyon are asserting 'joint defense' privilege and the 'common interest' doctrine.  However, the Court is aware of no case and AMG/Goldstein's counsel cited no case at oral argument that stands for the proposition that an assertion of the joint

In deciding a motion to disqualify, the timing of the motion is an important factor for the Court to consider, especially because motions to disqualify are often brought for tactical reasons. The United States District Court for the District of New Jersey noted that "one of the factors a court must consider in deciding a motion to disqualify is the timing of the filing of the motion." Beilowitz v. General Motors Corp., 226 F. Supp. 2d 565, 573 (D.N.J. 2002). Some courts "have framed their analysis of these issues in terms of laches or estoppel, rather than waiver, and have denied motions for disqualification which were raised at a late date and where the delay had caused the non-movant to rely upon the representation of counsel sought to be disqualified." Alexander v. Primerica Holdings, Inc., 822 F. Supp. 1099, 1115 (D.N.J. 1993). The District Court in Montgomery Academy v. Carolyn Kohn, et al., 82 F. Supp. 2d 312, 318-19 (D.N.J. 1999), cited a number of cases "in which an undue delay was deemed to be a waiver of the conflict objection [in cases involving] parties seeking to disqualify an attorney long after the litigation was commenced." See Alexander, 822 F. Supp. at 1115-16 (motion to disqualify made more than three years into case despite plaintiff's knowledge of potential conflicts at the time complaint was filed) (citing Commonwealth Ins. Co. v. Graphix Hot Line, Inc., 808 F. Supp. 1200, 1208-09 (E.D. Pa. 1992) (two year delay); Trust Corp. of Montana v. Piper Aircraft Corp., 701 F.2d 85, 87-88 (9th Cir. 1983) (two-and-one-half year delay); Central Milk Producers Co-op

---

defense privilege or the common interest doctrine alone creates a substantial relationship under R.P.C. 1.9. AMG/Goldstein's motion seeks to disqualify Rex Lyon's counsel, Mr. Hanzelik and Dilworth Paxson. Lois Lyon's attorney of record is Stanley W. Kallman, Esquire. Therefore, AMG/Goldstein's argument regarding joint representation does not alone support a finding of substantially related matters. Second, AMG/Goldstein further speculated that Mr. Hanzelik might be called as a witness in the present litigation. However, it was apparent at oral argument that Mr. Hanzelik will not be testifying in this matter for any party.

v. Sentry Food Stores, Inc., 573 F.2d 988, 992 (8th Cir. 1978) (over two-year delay); In re Zimmerman, 81 B.R. 296, 300-01 (E.D. Pa. 1987) (almost three-year delay); Warpar Mfg. Corp. v. Ashland Oil, Inc., 606 F. Supp. 852, 858-59 (N.D. Oh. 1984) (delay of one year and nine months); Glover v. Libman, 578 F. Supp. 748, 767 (N.D. Ga. 1983) (thirteen month delay); Jackson v. J.C. Penney Co., Inc., 521 F. Supp. 1032, 1034-35 (N.D. Ga. 1981) (fifteen month delay)). Further, the New Jersey Supreme Court declined to disqualify an attorney despite disqualification being appropriate and noted that "an order to disqualify counsel on the eve of trial would do more to erode the confidence of the public in the legal profession and the judicial process than would an order allowing the firm to continue its representation of the plaintiff." Dewey, 109 N.J. at 219.

    Similarly, in addressing an unrelated issue of qualified immunity, the United States Supreme Court noted that "[w]here the defendant seeks qualified immunity, a ruling on that issue should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive." Saucier v. Katz, 533 U.S. 194, 200 (2001). Further, Rule 1 of the Federal Rules of Civil Procedure states that the Rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1. Substitution of counsel at this late date would unfairly increase the cost of the litigation, at least to Mr. Lyon, and unduly delay final resolution of the case.

    In the present case, AMG/Goldstein were aware of a potential conflict in May 2005, but waited for thirteen months before filing a motion to disqualify Mr. Hanzelik and Dilworth Paxson. This motion to disqualify comes before the Court when the case is poised for final resolution. Although a motion to disqualify is not dispositive, as was the issue of qualified

immunity in <u>Saucier</u>, there exists in the present case a similar need to avoid harm to litigants and to allow the case to proceed expeditiously.  Thus, it is critical that motions to disqualify be brought at the earliest possible stage in the litigation.  Given AMG/Goldstein's early knowledge of a possible conflict and mindful that premature motions may both harm a colleague's reputation and disrupt the orderly resolution of the case, the Court finds the time for disqualifying Mr. Hanzelik in this case has passed.

### III.  CONCLUSION

For the reasons expressed here, the Court finds that the issue of partnership in Vulcan is not substantially related to Mr. Hanzelik's and Dilworth Paxson's representation of AMG/Goldstein in the present litigation, and therefore, AMG/Goldstein have no basis to disqualify Rex Lyon's counsel under R.P.C. 1.9.  The Court further finds that waiver of the motion to disqualify is appropriate given the substantial prejudice to Rex Lyon if the motion to disqualify is granted and the timing of the motion when the case is poised for final resolution.  Accordingly, the Court holds that Mr. Hanzelik and Dilworth Paxson are not disqualified from representing Rex Lyon in the present matter.

An appropriate Order accompanies this Memorandum Opinion

**Dated:  September 29, 2006.**